# Wytheville.

## IRIS LAND, AN INFANT WHO SUES, ETC. v. YELLOW CAB COMPANY OF NORFOLK, INCORPORATED.

### June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. APPEAL AND ERROR—*Two Trials in Lower Court—Appellate Court Looks to Evidence and Procedure in First Trial.*—When there have been two trials in the lower court, the appellate court looks first to the evidence and proceedings on the first trial.

2. NEW TRIALS—*Newly-Discovered Evidence—Requisites Necessary to Justify a New Trial.*—In order to justify a new trial for after-discovered evidence, the evidence must have been discovered since the trial; it must be material in its object and such as on another trial ought to produce opposite results on the merits; it must not be merely cumulative, corroborative, or collateral, and it must be evidence that could not have been discovered before the trial by the use of due diligence.

3. NEW TRIALS—*Newly-Discovered Evidence—Requisites Necessary to Justify a New Trial—Case at Bar.*—In the instant case plaintiff recovered a verdict against defendant for personal injuries. This verdict was set aside because of after-discovered evidence and there was another trial with a reduced verdict. At the first trial plaintiff testified that during the school session she had been compelled, on account of her injury, to visit the school hospital and lie down two or three times a day, sometimes for two or three hours, and that she did this by an arrangement with the school nurse. Defendant's counsel interviewed the nurse and examined the hospital records and the nurse made an affidavit to the effect that at no time had plaintiff come to her on account of the injury in question.

   *Held:* That this after-discovered evidence met the requisites of newly-discovered evidence justifying a new trial and warranted the court in granting a new trial.

4. NEW TRIALS—*Excessive Verdict—New Trial Granted for Newly-Discovered Evidence—Case at Bar.*—In the instant case plaintiff obtained a verdict for $7,500.00 against defendant. This verdict was set aside

on the ground that the damages were excessive, and because of after-discovered evidence. Plaintiff contended that the verdict should not have been set aside and a new trial granted because it was excessive. The Supreme Court of Appeals was of the opinion that the verdict was excessive; but inasmuch as the defendant was entitled to have the verdict set aside and a new trial awarded on the ground of after-discovered evidence, the Supreme Court of Appeals did not deem it necessary to decide what effect the excessiveness of the verdict had upon defendant's right to a new trial.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff, which the trial court set aside as excessive and because of after-discovered evidence. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Jas. G. Martin,* for the plaintiff in error.

*Hughes, Little & Seawall,* for the defendant in error.

WEST, J., delivered the opinion of the court.

Iris Land, suing by her next friend, brought action against Yellow Cab Company of Norfolk, Incorporated, for personal injuries alleged to have been caused by the negligence of the defendant. The jury returned a verdict in favor of the plaintiff for $7,500.00, which the court set aside on the ground that the damages allowed were excessive, and because of after-discovered evidence, and ordered a new trial upon the question of damages only. Upon the second trial there was a verdict and judgment in favor of the plaintiff for $3,000.00. To the judgment setting aside the first verdict and awarding the defendant a new trial and to

the entry of the judgment for only $3,000.00 this writ of error was allowed.

The only assignment of error is: The court erred in setting aside the verdict for $7,500.00 and in not entering judgment thereon in favor of the plaintiff.

[1] Our inquiry will be confined to the evidence and proceedings on the first trial. *Clark* v. *Hugo*, 130 Va. 99, 107 S. E. 730.

On the night of September 3, 1926, the plaintiff, a girl sixteen years old, and her married sister were at Ocean View and hired a cab of the defendant to take them to Norfolk. Through the negligence of the cab driver the cab collided with an automobile driven by Dr. Leftwich, throwing the plaintiff and her sister violently forward against the reinforced glass in the rear of the driver. The glass was shattered and the plaintiff's face and head were badly cut and bruised. It took twenty-eight to thirty stitches to sew up a cut on her right cheek which extended from above her right ear to her chin. The right wing of her nose was cut loose from the other flesh and had to be drawn back and sewed in its proper place. Her right knee was temporarily injured, but the skin was not broken. None of her bones was broken, nor did she receive any internal injuries.

There was a small cut on her left cheek and a slight injury to her left eye, the eyelid being slightly drawn, but the sight was not affected. The facial artery was severed and she bled freely until her wounds could be dressed.

She was able to go down town within a week after the accident, and have a photograph taken, which was used later as evidence at the trial. The bandages were removed and a close-up picture, taken without washing the blood from her face, made the injury appear·

to be more serious than it really was.    Her wounds healed rapidly and the scars gradually became less noticeable.

She entered school when the term opened in September, and did not lose a day from school on account of her injuries.    At the time of the trial in December, 1926, the scar on her face had grown paler.    Dr. Lynch testified that scar tissue due to an incised wound would grow paler as time goes on and does not cause any noticeable contraction.    Referring to this wound of the plaintiff, he said: "There is not enough scar tissue there to cause contraction to any extent."

Petitioner contends that the verdict should not have been set aside and a new trial granted, on account of after-discovered evidence.

[2] The law governing the granting of new trials on this ground is succinctly stated in Burks' Pleading & Practice (2d ed.) page 556, as follows:    "In order to justify a new trial for after-discovered evidence, (a) the evidence must have been discovered since the trial, (b) it must be material in its object and such as on another trial ought to produce opposite results on the merits, (c) it must not be merely cumulative, corroborative, or collateral, and (d) it must be evidence that could not have been discovered before the trial by the use of due diligence."

[3] At the first trial the plaintiff testified that she entered the Blair Junior Hight School when it opened in September and that during the session up to the trial in December she had been compelled to visit the school hospital and "to lie down two times a day and sometimes one time, and for two or three hours at the time," and that she did this by an arrangement with the school "nurse," Miss Katherine Wells.

Upon the argument of the motion for new trial the

plaintiff's counsel laid great stress upon this testimony to show that plaintiff's injuries were of a serious and permanent nature.   Defendant's counsel then interviewed Miss Wells and examined the hospital records kept of the pupils admitted thereto, showing their ailments and the treatment administered to them.   At defendant's request Miss Wells made the following affidavit:

"I am a registered nurse, having graduated from the Sarah Leigh Hospital, in the city of Norfolk, Virginia, on February 4, 1916, and am employed by the School Board of the city of Norfolk as nurse in charge of Blair Junior High School, which position I have held since 1922; that I have met in the school work Iris Land, who is a pupil in Blair Junior High School; that since the beginning of the school session in September, 1926, Iris Land has come to me as nurse on four occasions, as is borne out by the record which is kept in my office.

"The first occasion was on October 18, 1926, at which time she complained of feeling bad, but examination by me did not disclose any particular cause therefor, her pulse and temperature being normal.

"The second occasion was on October 25, 1926, at which time she was suffering with a sore toe.   The shoe was taken off and proper treatment rendered.

"The third time was on November 8, 1926, at which time she complained of feeling bad, and her temperature registered 97 4/5. Otherwise I could find no reason for her complaining.

"The fourth time was on December 10, 1926, at which time she was suffering from a sore throat.

"At no time since the beginning of the 1926 session in September has Iris Land come to me on account of any injury or complaint growing out of an automobile accident

which I am advised occurred prior to the opening of school."

The after-discovered evidence meets fully four requirements laid down in Burks' Pleading & Practice, *supra*. It was discovered since the trial. It is material and ought on another trial to produce a different result on the merits, since it is based upon records which disprove the plaintiff's statement as to the extent of her injuries. It is not cumulative, corroborative, or collateral, but is direct record evidence of facts which do not elsewhere appear in the case. It could not have been discovered "before the trial by the exercise of due diligence." The plaintiff was seen on the street within a week after the accident, and the defendant did not know and had no reason to believe she would testify upon the trial that her injuries had compelled her to visit the hospital daily and lie down for two or three hours at the time; nor did the defendant know of the existence of the records kept by the hospital.

[4] The petitioner also contends that the verdict for $7,500.00 should not have been set aside and a new trial granted because it was excessive.

We are of the opinion that the verdict was excessive; but inasmuch as the defendant was entitled to have the verdict set aside and a new trial awarded on the ground of after-discovered evidence, we deem it unnecessary to decide what effect the excessiveness of the verdict has upon the defendant's right to a new trial.

The result is the judgment for $3,000.00 must be affirmed.

*Affirmed.*