# Richmond

## HENRY KIRN AND CHARLEY ELLIOTT V. EMILY BEMBURY.

January 17, 1935.

Present, All the Justices.

The opinion states the case.

*Venable, Miller, Pilcher & Parsons,* for the plaintiffs in error.

*James G. Martin* and *A. A. Bangel,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Emily Bembury, plaintiff in the trial court, for personal injuries, obtained a judgment in the sum of $3,500 against Henry Kirn and Charley Elliott. The defendants filed a joint petition for a writ of error, which was granted. When the case was called, plaintiff moved to dismiss the writ as to both defendants, on the ground that the order granting the writ required the defendants, or some one for them, to give a joint bond, and only Henry Kirn executed a bond within the time specified by statute. Counsel for Charley Elliott admitted at bar that the execution of the bond by

Henry Kirn was not a sufficient compliance with the order as to Charley Elliott, and that as to him the writ should be dismissed.

While the judgment of the trial court is joint against Henry Kirn and Charley Elliott, the liability of the two alleged *tort-feasors* is both joint and several, and on the judgment plaintiff may have her execution against both and require the officer to levy upon sufficient property of either, or both, to satisfy the execution. The condition of the bond is in accordance with the statute. From its face it appears that if the judgment of the trial court is affirmed plaintiff could collect the amount of the judgment, including interest and costs, from the obligors on the bond. Henry Kirn could neither compel Charley Elliott to execute a bond with him, nor, without his consent, execute one for him. We, therefore, sustain the motion to dismiss the writ as to Charley Elliott and overrule it as to Henry Kirn.

There were two verdicts in this case. On the first hearing, the jury returned a verdict for plaintiff in the sum of $300. "Whereupon the plaintiff, by counsel, moved the court to set aside the verdict on the ground that said damages are inadequate, and to impanel a new jury to ascertain the proper damages, which motion is continued to the 9th day of August, 1932."

On the 16th day of August, the trial court determined that the verdict of $300 was inadequate, and the order sustaining the motion, in part, reads: "It is therefore ordered that a jury be impaneled at bar to pass on the question of damages, and thereupon the defendant, by counsel, excepted."

The first assignment of error is based upon this exception. The evidence in this case clearly shows the wisdom of the rule requiring the trial court to determine the motion in view of all the evidence, and not to restrict its examination to the single issue of the quantum of damage. The amount of damage claimed in the notice of motion is $10,-000. The uncontradicated evidence on the question is as follows:

Plaintiff on June 30, 1931, fell or jumped from a moving truck to the pavement, breaking several bones in her ankle; from the date of the injury to August 3rd she was confined in a hospital, and was unable to walk at all until December 2nd; from that date until March 1, 1932, she could walk only with the aid of crutches; at the time of the trial in August, 1932, her ankle was still swollen and she suffered considerable pain in walking and it was stated that her injury was permanent; the amount claimed for loss of time was $500; her medical bills added to this made a total of $645. The jury allowed less than half of this sum, and nothing for reduced earning capacity or for her pain and suffering, which both she and her doctor stated were intense.

From this evidence alone, it would appear that the court was correct in holding that the damages fixed by the jury were inadequate. But it is the duty of the court in passing upon a motion of this nature not only to examine the evidence bearing on the quantum of damage, but to consider all the evidence in the case, particularly that tending to show liability or non-liability of the defendant. This question was discussed at length by Mr. Justice Epes in *Rawle* v. *McIlhenny,* decided November 15, 1934, *ante,* page 735, 177 S. E. 214.

A careful examination of the summary of the testimony of witnesses set out in the certificate of evidence, reveals two separate and distinct elements, either of which, if properly considered by the court, would have caused a different ruling.

(1) While there was some evidence tending to prove negligence in the operation of the truck at the time of the accident, the weight of the evidence tends to show that plaintiff jumped from the moving truck to the hard surface of the street, and hence her own act was the proximate cause of her injuries. This conclusion from the evidence brings this case squarely within class three set forth in the opinion in *Rawle* v. *McIlhenny, supra.* Cases in support of this view are found in note 11 attached to that opinion.

(2) The evidence does not show that the relation existing between Henry Kirn and Charley Elliott at the time of the accident was that of master and servant or principal and agent. It does show that Henry Kirn owns and operates a large farm situated some two miles from the city of Portsmouth; that during the harvest season he employs a great many laborers to gather the crops raised on the farm, for which he pays by the barrel, basket or package; that Charley Elliott owns and operates a truck for hire and that his general business is hauling miscellaneous articles; that for several years he has hauled a part of the crops raised by Mr. Kirn from the farm to the market or some shipping point, for which he is paid by the piece; that some of the laborers employed by Mr. Kirn live in Portsmouth and it is their custom to meet at Charley Elliott's home in that city, from whence he carries them in his truck, without charge, to and from the Kirn farm; that on June 30, 1931, plaintiff, with some fifteen or more other laborers, was riding on Charley Elliott's truck from the farm to the city of Portsmouth, and as the truck passed over a railroad crossing she either fell or jumped from the truck and sustained the injuries of which she complains.

With this uncontradicted evidence in the record, it appears that the error of the court in sustaining plaintiff's motion is apparent. Plaintiff, with some force, contends that we are precluded from considering these two phases of the evidence because defendant failed to state his grounds of objection with reasonable certainty.

When plaintiff moved the court to set aside the verdict for $300 and confine the issue to be submitted to another jury to the question of damages only, defendant resisted the motion, but failed to state the grounds of his objection to the ruling of the court. In view of the proof of the amount of damages sustained by plaintiff, defendant evidently regarded the verdict for $300 as a finding in his favor. His objection to the motion clearly shows that he was willing to pay the $300 to end the litigation. He evidently did not desire a new trial on any issue, which per-

haps explains his failure either to ask the court to set aside the verdict and grant a new trial on all issues, or to make any other appropriate motion which might have been supported by the record. We think the better practice requires a defendant at this stage in the trial to present his whole case to the court. This was not done. However, by his resistance to the motion he is not precluded from raising any question subsequently arising to which proper exceptions were noted.

Even if we concede that plaintiff, by invoking the provisions of Rule XXII precludes the consideration of defendant's exception to the interlocutory order setting aside the verdict and ordering another jury to be impaneled to assess damages, his subsequent motion brings the case before us on its merits.

On December 12th, before the jury was impaneled to assess damages, the defendant, Henry Kirn, moved the court to vacate that portion of the order theretofore entered limiting the new trial to the assessment of damages, and to enter an order granting a "new trial *in toto*," with permission to file a plea of the general issue and a plea of contributory negligence. With these pleas, he tendered an affidavit stating that he was neither the owner nor the operator of the truck driven by Charley Elliott at the time plaintiff was injured, and that he was not responsible for any act of Charley Elliott while operating the truck. This motion was denied and this is made the assignments of error numbered 2 and 4. The grounds of exception upon which these assignments of error are based were stated as follows: "In arguing the said motions, the defendants, by counsel, presented as grounds thereof and of the said exceptions that the court was without authority to set aside the verdict only in part and order a trial as to the amount of damages, because the court did not have before it sufficient evidence to enable it to decide the case upon the merits; that the plaintiff had the right to stand upon the verdict as rendered or to move for a new trial, and in event a new trial was moved for, the defendants would have the right to

file any pleas prior to a retrial that it could have filed prior to the first trial, and that the plaintiff, having exercised her option to move the court to set the verdict aside, this entitled the defendants to file the said pleas and introduce evidence thereon."

The objections to the ruling of the court are not clearly stated and have a tendency to becloud the real issue. The latter part of the statement seems to challenge the power of the court to set aside the verdict and confine the issue to be tried to the quantum of damages. In a proper case, this power is conferred in express terms by Code, section 6251. See *Apperson-Lee Motor Co.* v. *Ring*, 150 Va. 283, 143 S. E. 694; *Land* v. *Yellow Cab Co.*, 150 Va. 467, 143 S. E. 709; *Schuerholz* v. *Roach* (C. C. A.) 58 Fed. (2d) 32.

Included in defendant's bill of exception No. 2, from which the above quotation is taken, was an exception to the action of the court in refusing to permit the filing of an affidavit and additional pleas. Previous to the time these pleas were tendered, the court had entered an interlocutory order limiting the issue to the amount of damages suffered by plaintiff. If the court was correct in sustaining plaintiff's motion, it follows as a matter of course that it was correct in denying defendant the right to file the pleas and affidavit.

Plaintiff contends that the motion to vacate the interlocutory order was made too late.

It appears that when the order was entered on August 16, 1932, the case was continued generally; when it was called again at the October term of court it was continued, on defendant's motion and at his costs; at the subsequent December term the motion was made, overruled and exceptions noted.

A motion to vacate an interlocutory order of a common-law court is closely akin to a petition to rehear an interlocutory decree in equity. We are aware of no statute or rule of law, and none has been cited, which specifically limits a litigant to the time in which he shall make a motion

or file a petition to rehear an interlocutory order or decree. Such motions are addressed to the sound discretion of the court, not to be exercised arbitrarily, either in granting or withholding the relief sought. Usually, such motions are based upon error apparent on the face of the record, or for the purpose of introducing after-discovered evidence.

In this case we are concerned only with the first ground, *i. e.*, error apparent on the face of the record. At the time the motion was made, the evidence had not been made a part of the record. Later it was included in bill of exception No. 1, which was duly signed by the trial judge. Both the court and counsel properly treated the evidence, as already in the record. The ground of objection to the ruling of the court is stated to be that the evidence was not sufficient for the court "to pass upon the merits of the case" without ordering a new trial upon all issues.

█ Full compliance with Rule XXII required defendant to indicate by a brief statement or appropriate reference the particular point which, in his opinion, the evidence proved or failed to prove. The ground of the exception is rather broad and general. However, the summary of the testimony of the witnesses is short and, to our mind, as hereinbefore indicated, fully sustains defendant's contention. Even if defendant has not complied strictly with the rule, his case comes within the exception named therein.

In *Hurley* v. *Bennett, ante,* page 241, 176 S. E. 171, it was held that the court has power to change, modify, or set aside an interlocutory order at any time before rendition of a final decree. In that case, petitioners failed to point out any error on the face of the record, or suggest any reason for their failure to comply with the rule governing the introduction of after-discovered evidence. The petition for rehearing was filed some three years after the entry of the interlocutory order, during which period the rights of other parties had intervened.

█ In *Freezer* v. *Miller, ante,* page 180, 176 S. E. 159, the trial court set aside a verdict and granted a new trial upon all the issues. At a subsequent term, it entered an

order limiting the issue to be submitted to the jury to the question of damages. It was held that if the court should have set aside the evidence on the ground that it was wholly insufficient to sustain a verdict for defendant and sufficient as a matter of law to establish plaintiff's right to recover, it had the power at a subsequent term to modify its former order and limit the inquiry to the damage sustained. In other words, if it appears upon the face of the record that an interlocutory order or decree is erroneous and this fact is called to the attention of the trial court before final judgment or decree, it not only has the power, but it is its duty, to correct the error, if the rights of innocent third parties will not be adversely affected thereby.

Plaintiff contends that inasmuch as Henry Kirn failed to file the affidavit required by Code, section 6126, he is barred from claiming that he was not responsible for the negligence of Charley Elliott.

The evidence on the subject, heretofore recited, was admitted without objection, but when Kirn was on the stand he was asked who owned the truck. The court sustained the objection, to which ruling defendant made no exception, nor does the record show what answer Kirn would have made to the question. Charley Elliott had prior to that time testified on the subject in detail and without objection. The result is that we have a record from which it affirmatively appears that defendant had breached no duty that he owed to plaintiff, and yet plaintiff has obtained a verdict and judgment against him. But for the provision of Code, section 6126, he would have been entitled, on the evidence introduced without objection, to an acquittal as a matter of law. That section provides that if a declaration or other pleading alleges that any person or corporation, at a stated time, owned, operated, or controlled any property or instrumentality, no proof of the fact alleged shall be required unless an affidavit be filed putting it in issue.

This statute was before this court for construction in *Carlton* v. *Martin*, 160 Va. 149, 168 S. E. 348. In delivering the opinion of the court, Mr. Justice Gregory (page 157

of 160 Va., 168 S. E. 348, 350) said: "The notice filed in the present case contained no specific allegation that Mrs. Eva T. Martin owned, operated or controlled the automobile involved here and consequently it was entirely proper for her counsel to introduce evidence showing that she did not own, operate or control the said automobile. The statute required no affidavit in this case. The court erroneously excluded this line of testimony which has been previously referred to.

"Counsel for Mrs. Martin has this to say regarding the statute: 'The purpose of the legislature should not be ignored. That purpose was to make it unnecessary to prove ownership or agency where ownership or agency is alleged, unless an affidavit is filed putting the matter in issue. The statute is a wise one, but it may not be invoked unless proper allegations are made. It was not the purpose of the statute to catch the unwary, but to obviate the necessity of proving matter which rests peculiarly in the possession of the defendants.' Counsel's observation, in our judgment, clearly expresses the correct view."

In that case, defendant offered to file the affidavit before the case was submitted to the jury, but after defendant had introduced evidence which clearly showed that Mrs. Martin was neither the owner, nor responsible for the operation of the car. This court not only held that the affidavit should have been allowed, but that the case should have been dismissed as to Mrs. Martin.

The pertinent part of the notice of motion, addressed to Henry Kirn and Charley Elliott, reads: "That heretofore, to-wit, on the 30th day of June, 1931, I was a passenger in an automobile truck which was owned, operated and controlled by you; * * *"

There was no specific allegation that Henry Kirn, as distinguished from Charley Elliott, owned, operated or controlled the truck. Plaintiff, without objection, permitted evidence to be introduced which, if true, clearly shows that Kirn was neither the owner nor operator of the truck, nor

was he in any way responsible for the acts of Charley Elliott.

It thus appears from the record that if defendant is liable to plaintiff at all, it is only because he is estopped by a statutory rule from obtaining the benefit of evidence, introduced without objection, which proves his innocence.

Even if it be conceded that plaintiff, by permitting the evidence to be introduced without objection, did not waive her right to rely upon the statute, the court should not have given her another opportunity to increase her damages without giving defendant a like opportunity to fully develop the question of his liability, unhindered by any question of procedure. The legislature prescribed the conditions on which a trial court may, on a new trial, restrict the issues to be submitted to a jury (Code, section 6251), as follows:

"When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted *if there is sufficient evidence* before the court to enable it to decide the case *upon its merits,* but such final judgment shall be entered as to the court shall seem right and proper. If necessary to assess damages, which have not been assessed, the court may impanel a jury at its bar to make such assessment, and then enter such final judgment." (Italics supplied.)

When the record shows that because of an inadvertent failure of defendant to comply with some technical rule of procedure he has been estopped from fully developing the question of his liability, there is not sufficient evidence, within the meaning of the statute, before the court to enable it to pass upon the "merits of the case." Under such circumstances, the court if it determines to set aside the verdict, should not restrict the issue to be submitted to another jury to the question of damages.

In the foregoing discussion we have dealt with the record as presented to us. In the argument, it was suggested that plaintiff relied upon Code, section 6126, and offered no proof to contradict the statement that Henry Kirn had no control

over the operation of the truck by the other defendant. For this and other reasons, it appears that the ends of justice will be promoted by granting plaintiff and Henry Kirn a new trial on all issues properly raised by appropriate pleadings.

For the reasons stated, the judgment of the trial court is reversed, the verdict set aside and the case remanded, with directions that a new trial be ordered upon all issues.

*Reversed and remanded.*