COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


JOIE Y. CAMETAS

                                      MEMORANDUM OPINION* BY
v.   Record No. 2597-99-2            JUDGE JAMES W. BENTON, JR.
                                          AUGUST 1, 2000
JOHN G. CAMETAS


              FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                   F. Ward Harkrader, Jr., Judge

          Susan W. Allport (Rae H. Ely; Rae H. Ely and
          Associates, on briefs), for appellant.

          Murray J. Janus (Deanna D. Cook; Bremner,
          Janus, Cook & Marcus, on brief), for
          appellee.


     John G. Cametas and Joie Y. Cametas were divorced by final

decree, entered March 29, 1994.  The wife contends that the trial

judge committed the following eight errors:  (1) refusing to

reopen the commissioner's hearing to allow new evidence

regarding the changes in value in the marital property from the

parties' separation in 1991 to the issuance of the

commissioner's report in 1998; (2) refusing to grant an

accounting of the marital assets and the growth and income

derived from those assets between 1991 and 1998; (3) adopting

the commissioner's valuation of a business based on the

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

hypothetical assumption of a future sale of the business to a non-physician; (4) finding that an income producing real property had a debt of $1,125,189, allegedly given by the husband from marital funds and then borrowed back from his family; (5) determining the equity in the income producing real property by applying a year-end 1991 mortgage balance against a year-end 1993 value; (6) failing to provide the wife any of the investment growth on her share of the pension and profit sharing assets from 1991 to the date of distribution in 1999; (7) finding that the wife should receive only $3,600 per month spousal support; and (8) denying the wife's application for her attorney's fees for services incurred after the filing of the commissioner's report. The wife also asks that the husband be required to pay attorney's fees, costs, and expenses necessary to undertake this appeal and for all proceedings on remand. Upon reviewing the record and briefs of the parties, we affirm the judgment.

## I.

The parties married on November 19, 1960, and separated in October 1991. The husband is a physician and has worked in that capacity since completing medical school. The wife has a master's degree in education and worked as a school teacher until the husband established his medical practice. The wife then remained at home to raise their four children and was the primary caretaker for the children. She contributed

-

approximately $66,000 monetarily to the family during the marriage.  The husband contributed approximately $4,500,000 monetarily to the family during the marriage.

The husband filed a bill of complaint in 1993.  A commissioner's hearing, in which evidence was presented ore tenus, occurred over five days between November 1, 1994 and January 6, 1995.  The commissioner filed his report more than three years later in 1998.  The trial judge ratified the commissioner's report, rejected all of the wife's exceptions to the report, and ordered the distribution of all marital property on May 27, 1999.

## II.

The husband contends the wife failed to preserve for appeal objections to several of the issues she raises on appeal.  We agree.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  As we have repeatedly ruled, "[t]he purpose of Rule 5A:18 is to provide the trial court with the opportunity to remedy any error so that an appeal is not necessary."  Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994).

The wife contends she preserved her objection to the trial judge's valuation of Pembroke Occupational Health, a company

-

founded by the husband, based on the hypothetical assumption of a future sale of the business to a non-physician. She refers to paragraph three of her exceptions to the commissioner's report, paragraph ten of her motion to strike the report of the commissioner, and oral argument in the circuit court on June 23, 1998. Each of these objections, however, raises only the wife's general objections that the commissioner's valuation of the marital properties is out-of-date because it does not account for the husband's use of the wife's assets from 1991 to 1998 and that the commissioner "based his valuation on speculative projections which given the passage of time were moot." Indeed, the wife points to no place in the record where she timely raised an objection that the commissioner based his findings on a "hypothetical assumption of a speculative future sale to a non-physician."

The record fails to support the wife's contention that she preserved her objection to the commissioner's finding that the income producing real property, known as the Lydall plant, had a debt against it of $1,125,189, which the husband allegedly created in favor of his family and then borrowed back from them. The wife claims she preserved the objection in paragraph five of her exceptions to the commissioner's report. That exception only concerns a general objection that the commissioner's findings were out-of-date, erroneous, and without the support of a record.

-

The record also fails to support the wife's claim that she preserved, in paragraphs three and five of her exceptions to the commissioner's report, her objection to the commissioner's determination that the equity in the Lydall plant should be measured by applying a year-end 1991 mortgage balance against a year-end 1993 value. Those exceptions are general objections to the values applied to marital property by the commissioner.

The wife further contends that her trial counsel preserved objections to each of these issues when she included on the final order the phrase, "[w]ith all earlier objections preserved." Such an objection "does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." Twardy v. Twardy, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (en banc) (citation omitted). As we have indicated above, none of these objections were properly raised at trial.

The record, therefore, provides no indication that the wife properly raised in the trial court her third, fourth, and fifth questions presented. In making this ruling, we note that any objections raised for the first time in the wife's "Supplement to Exceptions" filed almost eight months past the ten-day deadline for filing exceptions to the commissioner's report were not timely filed and were not properly before the trial judge. See Code § 8.01-615. Although the trial judge granted the parties an extension of time to file "memoranda in support of

-

their [previously filed] respective exceptions to the [commissioner's] report," he did not grant the wife leave to file supplemental exceptions. The wife's "Supplement to Exceptions" raised objections to the commissioner's report which were far more specific than the original filing and went beyond the scope of the trial judge's directive.

Upon our review, we find no reason in the record to invoke the good cause or ends of justice exceptions to Rule 5A:18.

> "[T]he ends of justice exception is narrow and is to be used sparingly . . . ." "[I]t is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial. . . ." In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice might have occurred. The trial error must be "clear, substantial and material."

Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (emphasis in original) (citations omitted). The evidence does not support application of the exception; therefore, Rule 5A:18 bars our consideration of these issues on appeal.

### III.

"Although the report of a commissioner in chancery is not given the same weight as a jury verdict, it must be sustained unless the trial judge determines that the evidence does not support the commissioner's findings." Robinson v. Robinson, 5

-

Va. App. 222, 225, 361 S.E.2d 356, 357 (1987).  "On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong."  Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).

IV.

The wife contends the trial judge erred in refusing to reopen the hearing to reconsider his decision to value the marital property as of the date of separation in 1991, rather than the date of the issuance of the commissioner's report in 1998.  "Motions to reopen a hearing to take further evidence are matters within the [trial judge's] discretion."  Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998) (citation omitted).  "Usually, such motions are based upon error apparent on the face of the record, or for the purpose of introducing after-discovered evidence."  Kirn v. Bembury, 163 Va. 891, 901, 178 S.E. 53, 56 (1935).

In the present case, the trial judge declined to reopen the hearing for consideration of the change in value of the marital property after a delay in the release of the commissioner's report.  In view of the trial judge's finding "that the turnover of [wife's] counsel in this case is probably the primary reason for the delay in this case," we cannot say the trial judge abused his discretion in deciding that a hearing was not necessary.  No evidence in the record indicates that his finding was plainly wrong.  Moreover, the trial judge noted that the

-

wife never moved to "expedite the case [while it was pending] before the Commissioner."

Under Code § 20-107.3(A), the trial judge acted within his discretion to choose a valuation date other than the date of the evidentiary hearing.  The commissioner had recommended that the assets be valued as of the separation date for the following reasons:

> From the evidence presented to the Commissioner, it did not appear[] the parties worked together as a partnership for years before their separation, and in fact, it appeared at time they barely spoke and maintained separate lives.  It further appeared [the husband] not only ran a very active medical practice, but additionally worked long hours starting and operating Pembroke Occupational Health.
>
> The evidence further indicated [the wife] enjoyed a very active social life with her friends and often played tennis during the day.  The record further reveals [the wife] made harassing phone calls to [the husband's] employees, which interfered with [the husband's] business and she was held in contempt by the Court for interfering with [his] business.  Further, the parties separated on October 6, 1991, and the evidentiary hearing was not held until November, 1994, approximately three (3) years and one (1) month after the separation.  Your Commissioner finds to set the valuation date as of the date of the evidentiary hearing would not attain the ends of justice.

The commissioner recommended, and the trial judge agreed, that the real property in the marital estate, except the marital residence and two lots owned as part of the husband's profit

-

sharing and retirement plan, should be distributed to the husband. The distribution of the real property was not based on a percentage of the value of all the assets but, rather, primarily on the role of the parties in the acquisition and upkeep of the properties. Indeed, all of the properties awarded to the husband were already solely in his name. The appreciation or depreciation on the properties, therefore, was irrelevant to the ultimate distribution. Moreover, following his recommendation for distribution of assets, the commissioner stated that "if [he] had found the value of the marital property which [he] has recommended be transferred and distributed to [the husband] to be of greater value, [he] would have recommended that the additional value be transferred to [the husband]." We hold that the trial judge's decision was not plainly wrong. We, therefore, affirm the trial judge's decision to value the property as of the date of separation.

V.

The wife contends that the trial judge erred in refusing to order an accounting of the parties' marital assets. We disagree.

"Under Virginia law, an accounting is a form of equitable relief which is available upon Order of a court in equity providing for an accounting of funds among those with a partnership or other fiduciary relation." McClung v. Smith, 870 F. Supp. 1384, 1400 (E.D. Va. 1994). In McClung, the trial

-

judge ordered an accounting because the husband was an attorney and had mishandled the wife's finances while acting as a fiduciary.  See id.  The parties in this case, however, are not in a fiduciary relationship.  Cf. Barnes v. Barnes, 231 Va. 39, 42, 340 S.E.2d 803, 804 (1986) (holding that "[i]f a husband and wife separate and employ attorneys to negotiate an agreement in settlement of their property rights, they become adversaries and their former fiduciary or confidential relationship ends").  Moreover, all of the assets for which the wife requested an accounting were titled only in the husband's name.  For these reasons, we affirm the trial judge's decision to deny the request for an accounting.

VI.

The record fails to support the wife's claim, in its entirety, that she preserved in paragraphs seven and eight of her exceptions to the commissioner's report her objection to the commissioner's finding that she is not entitled to any of the investment growth on her share of the pension and profit sharing assets from 1991 to the date of distribution in 1999.  The wife's exceptions are general objections to the commissioner's valuations "as being out-of-date; as containing erroneous conclusions and without the support of a record by which the Court may review the findings and conclusions of the Commissioner."  In addition to that general objection, she did note, however, a specific objection in the following argument:

-

> [W]here you have an Order that says a party
> is entitled to forty percent of something,
> and then gives a dollar value of what that
> forty percent was in 1991 or 1994, I think
> that's an issue that needs to be addressed.
>
> Because let's say hypothetically there
> was a two hundred thousand dollar gain on
> the receiving spouse's part that was lost
> because there was not an accounting.

Thus, we hold that the wife preserved her objection to the finding of the commissioner concerning the cash portion of the husband's profit sharing and retirement plan.

The commissioner recommended that the wife "receive . . . ($678,000) representing [forty percent] of the profit sharing and retirement plan for Pembroke [Occupational Health] and Henrico Family Physicians . . . [and that the wife] be given two of the lots . . . with a total value of $476,000, plus additional liquid funds in the amount of $202,000."

> In Zipf v. Zipf, 8 Va. App. 387, 382
> S.E.2d 263 (1989), we rejected limitation of
> a pension award, payable in the future, to a
> "present value calculation" because it
> denied the benefit of "future earnings and
> adjustments that are attributable to the
> . . . deferred share" and its "future
> appreciation. It is only fair that both
> parties share in the increased value of the
> pension," or one will be "receiving the
> increase in value" over time which is
> attributable to the other's marital
> interest. Contrary to husband's view, such
> enhancement is clearly a part of the "total
> [pension] interest" component of the marital
> share equation and obviously distinguishable
> from a judicial award of interest on a
> deferred share of a pension.

-

Banagan v. Banagan, 17 Va. App. 321, 325-26, 437 S.E.2d 229, 231 (1993) (citations omitted).

In conceding that the wife was entitled to any appreciation on the $202,000 cash portion of the 40% share the commissioner recommended, the husband said the following:

> [As regards] the $202,000, we would be willing and I think the law would be appropriate that if she would get any gain or appreciation or loss on that from the date of the hearing, . . . so if that has appreciated, I think in retirement funds she's entitled to it. She's not entitled to any contributions made, but to any appreciation.

We hold, therefore, that the wife is entitled to any appreciation on the $202,000 cash portion of the profit sharing and retirement plan for Pembroke Occupational Health and Henrico Family Physicians.

VII.

"The determination whether a spouse is entitled to support, and[,] if so[,] how much, is a matter within the discretion of the [trial judge] and will not be disturbed on appeal unless it is clear that some injustice has been done." Gottlieb v. Gottlieb, 19 Va. App. 77, 84, 448 S.E.2d 666, 671 (1994) (citation omitted). "[T]he amount of support is based on current needs of the spouse . . . and the ability of the other spouse . . . to pay from current assets." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987).

-

The wife contends that the trial judge erred in awarding her spousal support of only $3,600. She argues that the husband's income is approximately $700,000 per year and justifies a greater award. The record establishes that the wife submitted an income and expense report to the commissioner listing monthly expenses of $5,964.50. The commissioner noted that the wife "acknowledged during the hearing a number of the items on the exhibit were not actual representations of expenses she was incurring." He also noted that there are no mortgage payments due on the residence and found the following expenses unreasonable: "$900 per month for food; $200 per month support for mother; approximately $265 per month for the support of an adult daughter; the sum of $1,000 per month for entertainment and vacation." The wife also admitted that because the husband had taken care of all the expenses, he was in a better position to estimate her monthly expenses.

The record further establishes that prior to the final award, the husband paid $3,000 monthly in pendente lite spousal support. During this time, the wife managed to save $7,000 out of the spousal support. The commissioner also found "no evidence of any physical reason why [the wife] would not be able to be gainfully employed and contribute to her own support." On this record, we cannot say the trial judge abused his discretion awarding the wife $3,600 in monthly spousal support. Therefore, we affirm the award.

-

VIII.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion. The key to a proper award of counsel fees is reasonableness under all the circumstances." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998) (citations omitted). The wife contends, however, that the trial judge erred in denying her request for attorney's fees for services rendered after the filing of the commissioner's report.

The trial judge found that because the husband had already paid $13,500 in attorney and expert's fees, the parties should be responsible for any of their own attorney's fees. Moreover, because of the assets the wife received as part of the equitable distribution, the evidence does not demonstrate that it would create a hardship for the wife to pay her additional attorney's fees. We, therefore, affirm the trial judge's order denying attorney's fees for services rendered after the filing of the commissioner's report.

IX.

The wife contends the husband should pay her attorney's fees for this appeal and all proceedings on remand. The wife offers no compelling reason why the husband should be required to pay her attorney's fees. Accordingly, we deny this request.

-

The husband contends that he is entitled to reimbursement for his costs incurred in preparing the appendix for this appeal.  The husband designated, among other things, the entire transcript of the five day hearing before the commissioner.  The wife properly informed the husband that she believed portions of the record he designated were unnecessary for the determination of the issues presented.  <u>See</u> Rule 5A:25(f).  Because the husband refused to designate those portions of the record germane to the issues on appeal, we deny his request for reimbursement for his costs incurred in preparing the appendix.

For the foregoing reasons, we affirm the judgment, remand to the trial judge for a further award to the wife for any appreciation of the cash portion of the profit sharing and retirement plan, deny the wife's request for attorney's fees, and deny the husband's request for reimbursement for the costs he incurred in preparing the appendix.

<u>Affirmed and remanded</u>.