COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Frank

NORMA JEAN BARKER

MEMORANDUM OPINION*
v.     Record No. 1961-18-3           PER CURIAM
                                      JULY 2, 2019
SAMUEL KENNETH BARKER

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

(Perry H. Harrold, on brief), for appellant.

(Monica Taylor Monday; Gentry Locke LLP, on brief), for appellee.

Norma Jean Barker (wife) appeals the final decree of divorce. Wife argues that the trial

court erred by (1) "failing to grant [her] request to allow additional discovery and to reconsider the

issues . . . based upon such additional discovery and accordingly denied [wife] due process of law;"

and (2) determining that the parties' real estate located at 220 Oakdale Street was not a gift to wife

and was marital property. Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court.

See Rule 5A:27.

BACKGROUND[1]

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:8, the record contains a written statement of facts, but no transcript.

Menninger v. Menninger, 64 Va. App. 616, 618 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

Wife and Samuel Kenneth Barker (husband) married on October 22, 1977, and separated on March 28, 2015. In April 2016, husband filed a complaint for divorce, to which wife subsequently filed an answer. In November 2016, husband submitted interrogatories and request for production of documents to wife. When wife did not respond, husband filed a motion to compel. Wife's counsel moved to withdraw, which the circuit court granted on April 21, 2017. The circuit court took the motion to compel under advisement, gave wife thirty days to retain counsel, and informed wife that it would proceed on the motion to compel if she had not retained counsel within that time frame.

Wife never responded to husband's discovery requests, so he scheduled a hearing on the motion to compel for December 18, 2017. Wife did not attend the hearing. The circuit court ordered wife to respond to all discovery requests by January 10, 2018, and to pay husband $1,000 for his attorney's fees. Wife did not comply with the order.

On February 7, 2018, the parties appeared before the circuit court for an equitable distribution hearing. Wife proceeded *pro se*. Both husband and wife testified. Although wife requested spousal support, she presented no evidence regarding her monthly expenses. Husband requested a division of the parties' stocks, but since wife had not responded to any discovery requests, husband was unable to provide sufficient evidence for the circuit court to determine the stocks' value. The circuit court again directed wife to provide husband with documentation regarding the stocks.

Wife provided husband with some of the stock information, but not all of the requested information. Husband informed the circuit court of the deficiencies, and on April 27, 2018, the circuit court entered an order directing wife to produce all of the information regarding the

stocks within twenty-one days, pay $250 toward husband's attorney's fees, and warned wife that if she did not comply, that she faced civil contempt. Wife did not comply with the court's order, so the circuit court entered a rule to show cause and scheduled a hearing for June 18, 2018. Wife appeared with counsel and requested a continuance, which the circuit court granted over husband's objection.

On July 25, 2018, the parties appeared before the circuit court. Husband informed the circuit court that wife had provided most of the necessary documents, but some information was still missing. The circuit court directed wife to provide the missing information and ordered that the record be left open for thirty days. Wife requested that she be allowed to conduct discovery, but the circuit court denied her request and held that it would not consider additional evidence. The circuit court ordered husband and wife to file written arguments regarding their requests for equitable distribution. It also ordered wife to pay $1,500 to husband's counsel.

Both parties submitted their written arguments and their positions on equitable distribution. Wife also objected to the circuit court's denial of her request to conduct discovery and present additional evidence on the issue of equitable distribution.

On September 20, 2018, the circuit court issued its letter opinion. The circuit court considered the equitable distribution factors in Code § 20-107.3 and divided the parties' marital property. On November 16, 2018, the circuit court entered the final decree of divorce. This appeal followed.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred in the respect alleged by appellant." Bay v. Commonwealth, 60 Va. App. 520, 528 (2012). "If appellant fails to do so, the judgment will be affirmed." Id.

*Motion to Reopen*

Wife argues that the circuit court erred by denying her request for additional discovery and to reconsider the issues based on that discovery and that by denying her requests, it violated her due process rights. She further contends that she was at a disadvantage because she did not have counsel throughout most of the process. Initially, wife had retained counsel, who filed an answer on her behalf but subsequently withdrew. Wife agreed to the withdrawal of her counsel. Then, wife attempted to retain two other attorneys, but the record does not reflect that either one made any appearances on her behalf. Wife retained counsel after the equitable distribution hearing. She sought to reopen the case to allow additional discovery and evidence, but the circuit court denied her request. The circuit court explained in its letter opinion that "it would have been unfair to [husband] for the court to grant [wife's] request to reopen discovery."

"Motions to reopen a hearing to take further evidence are matters within the court's discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269 (1998). "Usually, such motions are based upon error apparent on the face of the record, or for the purpose of introducing after-discovered evidence." Id. (quoting Kirn v. Bembury, 163 Va. 891, 901 (1935)). "[C]ourts have also included among the factors to be applied in the analysis whether a party seeking rehearing had 'ample opportunity to present evidence' at the initial hearing . . . ." Id. at 269 n.1 (quoting Rowe v. Rowe, 24 Va. App. 123, 144 (1997)); see also Holmes v. Holmes, 7 Va. App. 472, 480 (1988).

The record indicates that wife agreed to the withdrawal of her first counsel, and the circuit court gave her ample opportunity to retain new counsel. The circuit court entered the order allowing counsel's withdrawal on April 21, 2017, and it conducted the equitable distribution hearing approximately ten months later on February 7, 2018. Wife was present and testified at the equitable distribution hearing. Then, on July 25, 2018, almost six months after the equitable distribution hearing, wife's newly retained counsel asked the court to reopen the case

for additional discovery and evidence. The record does not include any proffer by wife regarding the additional discovery she sought or the additional evidence she wished to present. Although she claimed in her written argument that some of the stock was her separate property, she did not proffer any documentation to support her claim.

"In Virginia, when 'testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer.'" Ray v. Commonwealth, 55 Va. App. 647, 649 (2010) (quoting Whittaker v. Commonwealth, 217 Va. 966, 968 (1977)). "When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error – much less reversible error – without a proper showing of what that testimony would have been." Id. (quoting Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006)). With no proffer, we are unable to determine whether the circuit court erred in denying wife's request for additional discovery. Accordingly, we find that the record is insufficient to review wife's first assignment of error.[2]

Moreover, we find that wife did not comply with Rule 5A:20(e), which mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Wife did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law or citation to legal authorities to fully develop her argument.

---

[2] We note that wife raises her argument for the first time on appeal that the circuit court violated her due process rights. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)); see Rule 5A:18. Moreover, the record reflects that wife attended and testified at the equitable distribution hearing.

*Equitable Distribution*

The parties owned real estate at 220 Oakdale Street, which included a house and two lots (the Oakdale property).[3]  The circuit court held that the Oakdale property was marital property. Wife argues that the circuit court erred in classifying the Oakdale property as marital property because she asserts that it was a gift to her.  However, the record does not include any testimony or evidence to support wife's assertion.

Appellant has the burden of showing that reversible error was committed.  See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012).  The record does not include a transcript of the equitable distribution hearing, but it does include a written statement of facts.  The written statement of facts, however, does not include a recitation of the testimony.

In wife's written argument to the circuit court, she claimed that the Oakdale property was a gift to her from her mother, and it was only titled in both her and husband's name "as a matter of 'convenience.'"  She states that the circuit court's notes reflect that wife's mother loaned the money to purchase the house, and "[i]f it was a loan, as the notes of the [c]ourt suggests, there is no evidence which establishes or verifies the loan was re-paid, which supports [wife's] assertion that the house was a gift to [her]."  Wife offered no further evidence to support her argument. The circuit court held that wife's assertions about the Oakdale property "would require the court to draw unreasonable inferences from the evidence."  There was no evidence that the purchase money was a loan, and the circuit court could not "infer that the parties never repaid the loan," especially since husband testified that "the house was 'paid for.'"  Furthermore, the circuit court found that the joint title of the Oakdale property "strongly suggests that, even if the purchase money was never repaid, [wife's] mother intended to make a gift to both parties, not just [wife]."

---

[3] The parties also owned real estate at 1305 Mulberry Street, but neither party is contesting the circuit court's classification, valuation, or distribution of that property.  All references to real estate owned by the parties herein are limited to 220 Oakdale Street.

As the circuit court held, wife "failed to carry her burden of proof." The written statement of facts does not make any reference to the Oakdale property or any evidence related to the property. Accordingly, the record does not contain sufficient evidence for this Court to review wife's claim that the Oakdale property was a gift to her because she did not submit any information to support her claim that the Oakdale property was her separate property.

*Attorney's fees*

Husband asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018). Having reviewed and considered the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by husband in this appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.