COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


NORVELL WINSTON WEST, III

                                                              OPINION BY
v.        Record No. 0448-11-3                      JUDGE ROBERT P. FRANK
                                                            DECEMBER 13, 2011
JILL ANGELA WEST


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           Robert P. Doherty, Jr., Judge

              Michelle C. F. Derrico (Copenhaver, Ellett & Derrico, on briefs), for
              appellant.

              Vicki L. Wiese (Wiese Law Firm, PLC, on brief), for appellee.


         Norvell W. West, III, appellant/husband, appeals from the rulings of the circuit court in

his divorce case.  Appellant first assigns error to the trial court's ruling that a pending mandate of

the Court of Appeals restricted or prevented its consideration of, and jurisdiction over,

modifications of spousal support and child support.  Appellant next argues the trial court erred

when it found it had no authority to modify spousal support and child support because no formal

order granting reinstatement of the case was entered.  Finally, appellant contends the trial court

abused its discretion when it voided all interlocutory orders without cause.  For the reasons

stated, we affirm in part and reverse in part.

                                           BACKGROUND

         On November 15, 2007, the Roanoke Circuit Court entered a final decree of divorce in

this case.  The case was appealed, and on December 16, 2008, this Court remanded the case to

the circuit court to recalculate child support.  On March 4, 2009, the Supreme Court of Virginia

issued an order dismissing the petition for lack of jurisdiction.

During the pendency of the remand, both parties filed motions to modify the final order, based upon a change in circumstances. Speaking from the bench on December 15, 2009, the trial court terminated appellant's child support obligation, retroactive to November 1, 2009. On the same date, the trial court also established a child support obligation for appellant from November 2007 through December 2008. Those pronouncements were never reduced to writing. By order of May 27, 2010, the trial court suspended spousal support payments, effective May 1, 2010, until the case could be heard on the merits.[1]

On July 26, 2010, the presiding judge recused himself, and a new judge was appointed. On December 16, 2010, the judge held that the mandate from the Court of Appeals prohibited him from considering any issues not specifically contained in that mandate. The judge also indicated that he lacked jurisdiction because of the lack of an order reinstating the case to the active docket. Finally, the judge vacated all orders entered after the Court of Appeals remand, finding that they were entered without jurisdiction, or in the alternative, that they were interlocutory and subject to correction.

This appeal follows.

ANALYSIS

Appellant first contends the trial court erred in ruling that a pending mandate of this Court restricted its consideration of, and jurisdiction over, modifications to spousal support and child support pursuant to Code §§ 20-108 and 20-109. Essentially, appellant argues the trial

---

[1] The court never held a hearing on the merits.

court erred in ruling that the mandate[2] of this Court in West v. West, 53 Va. App. 125, 669

S.E.2d 390 (2008), barred it from addressing modification of child and spousal support.

> It is self-evident that while the opinion of an appellate court, under the doctrine of stare decisis, applies to all future cases in the trial courts, the mandate, which is the directive of the appellate court certifying a judgment in a particular case to the court from which it was appealed, speaks only to that case. Moreover, the mandate is controlling only "as to matters within its compass." Sprague v. Ticonic National Bank, 307 U.S. 161, 168 (1939). Thus, while the directive of this Court's mandate binds the circuit court, that court is not thereby prohibited from acting on matters not constrained by the language of the mandate, construed in light of the appellate court's opinion. The mandate rule is "merely a 'specific application of the law of the case doctrine,' [and] in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)).

Powell v. Commonwealth, 267 Va. 107, 128, 590 S.E.2d 537, 550 (2004).

In Sprague, the issue before the United States Supreme Court was whether an earlier

remand by that Court allowed the district court to award fees and costs. The district court ruled

the mandate of the Supreme Court did not allow such an award. Sprague, 307 U.S. at 163.

Finding its earlier mandate did not bar the district court from an award of fees and costs, the

Supreme Court reviewed the power of federal courts in equity suits to allow fees and costs. The

---

[2] In West v. West, 53 Va. App. 125, 669 S.E.2d 390 (2008), this Court concluded:

> [T]he trial court erred in its determination of child support under the statutory guidelines by failing to calculate the amount of support using father's actual gross income at the time of the entry of the final decree of divorce and its award to mother of spousal support of $500 monthly. Accordingly, we reverse its award of child support, and remand for recalculation of the parties' respective child support obligations, taking into account each party's income from all sources at the time of the final decree.

Id. at 137, 669 S.E.2d at 396.

Supreme Court considered whether such an award "was disposed of in the main litigation and therefore foreclosed by the mandate." Id. at 168.

In that context, the Supreme Court concluded that the claim "was not directly in issue in the original proceedings by Sprague. It was neither before the Circuit Court of Appeals nor before this Court." Id. The Court opined:

> We, therefore, hold that the issue in the instant case is sufficiently different from that presented by the ordinary questions regarding taxable costs that it was impliedly covered neither by the original decree nor by the mandates, and that neither constituted a bar to the disposal of the petition below on its merits.

Id. at 169.

United States v. Bell, 5 F.3d 64 (4th Cir. 1993), also addressed the scope of a trial court's authority on remand. In an earlier opinion, the Fourth Circuit vacated Bell's sentence and remanded the case to the district court for re-sentencing within the guidelines. On remand, the district court vacated Bell's guilty plea and dismissed the indictment. In finding that the district court, on remand, had no authority to dismiss the indictment, the Fourth Circuit acknowledged that the Sprague doctrine as to the mandate of a higher court was one of the most firmly established legal precepts. The Court noted:

> [I]t is indisputable that a lower court generally is bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest. Because this "mandate rule" is merely a specific application of the law of the case doctrine, in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. In addition, the rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court. Thus, when this court remands for further proceedings, a district court must, except in rare circumstances, implement both the letter and spirit of the . . .

> mandate, taking into account [our] opinion and the circumstances it embraces.

<u>Bell</u>, 5 F.3d at 66-67 (internal quotations and citations omitted).

Our decision in <u>Hart v. Hart</u>, 35 Va. App. 221, 544 S.E.2d 366 (2000), is instructive as to the authority of the trial court to decide issues beyond the scope of the remand. In the first appeal, <u>Hart v. Hart</u>, 27 Va. App. 46, 497 S.E.2d 496 (1998), we remanded the case to the trial court solely to reallocate the parties' responsibilities for maintenance costs for two easements. On remand, in addition to the maintenance costs, the trial court clarified the extent, width, and other parameters of the easements. On appeal, we concluded the trial court exceeded its authority in amending the description of the easements. We held:

> [T]he court's "clarification" of the easement definition impermissibly exceeded the scope of its remand jurisdiction. <u>Searles' Adm'r v. Gordon's Adm'r</u>, 156 Va. 289, 294-99, 157 S.E. 759, 761-62 (1931); <u>Krise v. Ryan</u>, 90 Va. 711, 712-13, 19 S.E. 783, 783-84 (1894); <u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1207-10, 409 S.E.2d 1, 5-7 (1991). Wife never appealed the grant of the easement or its scope; therefore, we did not consider that issue on appeal. We remanded the easement issue for the explicit purpose of reallocating the parties' responsibilities for the maintenance costs of the easements. "Clarification" of the scope of the easement was not necessary to the maintenance issue, nor did the court clarify the definition for that purpose. Indeed, the court in its order indicated that the issues were independent and that it was considering the easement scope issue "in addition" to the "specific remand issue."
>
> Wife had twenty-one days to seek "clarification" or modification of the easement scope or to appeal the court's final order on that issue. However, wife failed to do so, therefore, the order became final, and the trial court lacked jurisdiction to alter the easement definition.

<u>Hart</u>, 35 Va. App. at 231, 544 S.E.2d at 371.

There, the trial court exceeded the scope of the remand by revisiting an issue that had been decided in the final decree, i.e. the extent of the easement. That issue had not been appealed and was a final determination.

Thus, the "mandate rule" forecloses in the remand relitigation of matters decided expressly or impliedly by the appellate court and relitigation of matters addressed by the trial court, but not addressed on appeal.[3] Issues in controversy that were not disposed of in the original decree are beyond the scope of the "mandate rule." See Sprague, 307 U.S. at 168.

In Hart, the scope of the easement was disposed of in the trial court and not appealed, barring the trial court from relitigating that issue. In Sprague, the assessment of fees and costs was not part of the Supreme Court's mandate and was therefore properly considered by the district court.

In the instant case, on December 16, 2008, this Court affirmed the trial court's ruling on spousal support. We then found the trial court erred in not using the father's current income in computing child support. We concluded, "[a]ccordingly, we reverse the trial court's award of $200 monthly in child support to mother and remand for recalculation using the parties' respective incomes at the time of the final decree."

Appellant's motion to modify child support, filed September 24, 2009, alleged that 1) the eldest daughter had become emancipated; 2) the youngest child refused to live with mother; and 3) mother's financial situation had improved significantly. Mother's motion to modify spousal

---

[3] The latter addresses the "law of the case" doctrine.

> Pursuant to the "law of the case" doctrine, when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived her right to challenge that decision during later stages of the "same litigation." The "law of the case" doctrine applies both to issues that were actually decided by the court, and also to issues necessarily involved in the first appeal, whether actually adjudicated or not.

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008) (internal quotations and citations omitted).

and child support, filed February 7, 2008, alleged that appellant had had a significant increase in income.

While child support was the subject of the remand, neither party on remand asked the trial court to relitigate the original amount of child or spousal support. Each claimed a change of circumstances that occurred after the final decree. The "mandate rule" does not apply to a modification of child and spousal support, when the change of circumstances did not exist at the time of the order initially appealed, nor was the subject of the order appealed. Neither party in this case asked to relitigate the same issue originally before the trial court, nor any issue subject to the mandate.

Our decision in Rowe v. Rowe, 33 Va. App. 250, 532 S.E.2d 908 (2000), underscores that the "law of the case" doctrine does not apply to a change in circumstances occurring after the judgment appealed. "Where material facts have changed between the first appeal and the second, the law of the case doctrine is inapplicable." Id. at 266, 532 S.E.2d at 916.

We therefore conclude the trial court erred in ruling it had no jurisdiction to hear the motions for modification of child and spousal support.

Appellant next argues the trial court erred when it found it had no authority to modify spousal support and child support, because no formal order granting reinstatement of the case was entered.

However we are precluded from considering this argument by Rule 5A:18, which states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Appellant failed to object to the trial court's ruling regarding reinstatement of the case to the active docket. He cannot now assign error to the trial court's action.

This argument is further barred by Rule 5A:20(c), which requires the appellant's opening brief to contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Appellant cites pages 45, 95, 112, and 113 of the appendix to show that he preserved this argument. We have reviewed those pages and fail to see where appellant preserved his argument. Further, it is not the function of this Court to "search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We therefore decline to address this issue.

Appellant next contends the trial court erred when it vacated all interlocutory orders without cause.[4] This argument presupposes the trial court needs to show cause for its actions. In vacating these orders *sua sponte*, the trial court, in its order of January 12, 2011, stated:

> All of the orders entered in this cause since it was reopened and reinstated on the docket in order to comply with the mandate of Court of Appeals are null and void as they were entered without jurisdiction, or in the alternative are interlocutory and hereby vacated, except for the recusal order of the trial court judge dated July 26, 2010 and except for the custody order in a Juvenile and Domestic Relations District Court *de novo* appeal dated August 13, 2009, which order is corrected as set forth herein below.

We will only address the trial court's alternative ruling.

In its rationale for vacating the interlocutory orders, the trial court cited Freezer v. Miller, 163 Va. 180, 197, 176 S.E. 159, 165 (1934). In Freezer, the Supreme Court of Virginia stated that "an interlocutory judgment or decree made in the progress of a cause, is always under the

---

[4] It is notable that neither the trial court nor counsel set forth which interlocutory orders were vacated, but we need not review each order. Appellant makes no argument that any of the orders were not interlocutory. His assignment of error is limited to whether the trial court had cause to vacate the interlocutory orders.

control of the court until the final decision of the suit, and it may be modified or rescinded, upon sufficient grounds shown, at any time before final judgment." Id.

Appellant argues that Freezer was limited by the Supreme Court of Virginia several months after it was decided, by Kirn v. Bembury, 163 Va. 891, 178 S.E. 53 (1935). In Kirn, the trial court set aside the jury's verdict as being inadequate and impaneled a jury to ascertain the proper damages. The Supreme Court of Virginia characterized the jury's verdict as interlocutory and established criteria to determine whether the motion to vacate would be granted. In this context, the Supreme Court of Virginia held: "Usually, such motions are based upon error apparent on the face of the record or for the purpose of introducing after discovered evidence." Id. at 901, 178 S.E. at 56. The law, however, is quite different when the interlocutory order is a temporary determination of support, custody or visitation.

In a domestic relations context, we held in Pinkard v. Pinkard, 12 Va. App. 848, 407 S.E.2d 339 (1991), that "the matter of *pendente lite* support remains within the control of the court and the court can change its mind while the matter is still pending before it." Id. at 853, 407 S.E.2d at 342 (citing Freezer, 163 Va. at 197 n.2, 176 S.E. at 165 n.2); see also Robbins v. Robbins, 48 Va. App. 466, 474, 632 S.E.2d 615, 619 (2006). By its very nature, a *pendente lite* decree is temporary in nature and does not permanently resolve support issues. We conclude from the plain language of Pinkard that the court need not express any basis for its action regarding the interlocutory orders. Thus, we conclude that Kirn does not apply to the facts in this case.

We conclude the trial court acted within its sound discretion when it vacated the interlocutory orders. Under Pinkard, it need not express any basis for vacating the interlocutory orders. All of the vacated orders were either procedural or temporary in nature, and did not permanently determine any of the issues raised.

Finally, appellee asks for an award of her attorney's fees and costs associated with this appeal, arguing that appellant's appeal is frivolous. We disagree. As we are reversing this judgment in part, we cannot say that appellant's appeal is entirely without merit. See generally Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005). We therefore decline to award appellate attorney's fees.

<u>CONCLUSION</u>

The trial court erred in holding that it lacked jurisdiction to consider the parties' motions to modify spousal and child support based on a change in circumstances. We will remand the case to the trial court to consider whether there are current changes in condition and recalculate child and spousal support if warranted. The trial court did not abuse its discretion when it found the interlocutory orders to be void, and we find no error. We decline to award appellate attorney's fees.

Affirmed in part,<br>reversed in part,<br>and remanded.