COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

ALYSA YOUNGSON, F/K/A
  ALYSA N. BRAUTIGAM

                                          MEMORANDUM OPINION[*]
v.      Record No. 2204-14-4                         PER CURIAM
                                          AUGUST 25, 2015

CHRISTOPHER E. BRAUTIGAM

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(Alysa N. Youngson, *pro se*, on briefs.[1])

(Patrick R. Woolley; Woolley Stout PLLC, on brief), for appellee.


Alysa Youngson, formerly known as Alysa N. Brautigam, appeals an order awarding

$30,940 in attorney's fees to Christopher E. Brautigam. Youngson argues that the trial court erred

by (1) awarding fees "in the absence of admissible and admitted evidence of incurred attorney's

fees;" (2) awarding attorney's fees "after the court received uncontroverted, clear and convincing

evidence of fraud on the court;" and (3) "exceeding its remand and statutory jurisdictions" by

refusing to follow the appellate court mandate and awarding attorney's fees in contravention of the

parties' property settlement agreement. Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court grants Youngson's motions for an extension to file a reply brief and extend
the word count limit on the reply brief. The reply brief is considered timely filed.

UNPUBLISHED

BACKGROUND

The parties divorced on November 10, 2009.  Subsequently, Brautigam filed a petition for show cause against Youngson.  On January 22, 2013, the trial court entered an order finding that Youngson was in violation of the final decree of divorce and ordered her to pay $15,990 of Brautigam's attorney's fees.  On June 7, 2013, Youngson filed a motion for leave to file a bill of review, in relation to the January 2013 order.  On June 14, 2013, the trial court entered an order denying Youngson's motion for leave of court to file a bill of review and denying Brautigam's request for attorney's fees.  Youngson appealed the trial court's January 22, 2013 and June 14, 2013 rulings.  See Youngson v. Brautigam, Record No. 1205-13-4 (Va. Ct. App. Apr. 29, 2014).  This Court summarily affirmed the trial court's rulings and granted Brautigam's request for attorney's fees incurred on appeal.  Id.  The Court remanded the case to the trial court to determine an appropriate award of Brautigam's appellate attorney's fees and costs, including any additional fees and costs incurred at the remand hearing.  Id.

On October 10, 2014, the parties appeared before the trial court, which ordered Brautigam to file a motion for attorney's fees and allowed Youngson to file a response thereto. The matter was continued to November 14, 2014.

Brautigam filed his motion for attorney's fees, but forgot to attach his exhibits with the fee affidavits.  Youngson objected, and the trial court granted extensions to both parties.  Once Brautigam filed his fee affidavits, Youngson objected again and asked the trial court to exclude the exhibits.  The trial court denied her motion.

On November 12, 2014, Youngson filed her opposition to Brautigam's motion for attorney's fees.  She questioned numerous fees charged by Brautigam's counsel and whether Brautigam should be awarded any fees.

On November 14, 2014, the parties appeared before the trial court. Brautigam's counsel submitted an accounting of fees incurred as of that date, but also told the trial court that "these are not all the hours that were spent on this case in this appeal." Youngson reiterated her objection to an award of attorney's fees and to the amount requested. The trial court awarded Brautigam $30,940 for his attorney's fees and costs and entered an order on that day to reflect its ruling. On December 1, 2014, Youngson filed a motion to reconsider, which the trial court denied. This appeal followed.

ANALYSIS

Youngson argues that the trial court erred when it awarded $30,940 to Brautigam for his attorney's fees and costs incurred on appeal and remand.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

*Assignment of error #1*

Youngson argues that the trial court erred when it awarded attorney's fees "in the absence of admissible or admitted evidence of the fees." Youngson contends the fee affidavits presented by Brautigam were hearsay and not authenticated pursuant to Code § 8.01-390.3, which concerns the admission of business records as evidence. She asserts that the documents regarding his fees were not accompanied by an affidavit and that no one testified about the fees.

Contrary to Youngson's arguments, the trial court did not err in awarding Brautigam's fees based on his affidavits and proffers to the court. Although Youngson cited various cases dealing with Code § 8.01-390.3, she presented no legal authority to support her position that on remand a party must submit evidence of attorney's fees pursuant to Code § 8.01-390.3. Rule

5A:20(e). There is no requirement that Brautigam had to submit his documents pursuant to Code § 8.01-390.3, which deals with business records. Indeed, the trial court asked Youngson, "Who has witnesses on attorney's fees? You just exchange information. The judge looks it over, and you make arguments . . . ."

The trial court accepted Brautigam's proffers and pleadings, which included documentary support for his request for attorney's fees.

*Assignment of error #2*

Youngson argues that the trial court erred in awarding attorney's fees because she presented evidence of fraud on the court. Youngson contends Brautigam deceived the court in how much attorney's fees he incurred.

The trial court reviewed the parties' pleadings and determined that Brautigam's request was reasonable. There was no evidence of fraud. The trial court did not abuse its discretion in finding Brautigam's request to be reasonable. See Richardson, 30 Va. App. at 351, 516 S.E.2d at 731.

*Assignment of error #3*

Appellant argues that the trial court exceeded its authority on remand by not following this Court's mandate and awarding attorney's fees in contravention of the parties' property settlement agreement.

On April 29, 2014, this Court "remand[ed] this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing." Youngson v. Brautigam, Record No. 1205-13-4 (Va. Ct. App. Apr. 29, 2014).

"'It is indisputable that a lower court generally is bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest.'" West

v. West, 59 Va. App. 225, 232, 717 S.E.2d 831, 834 (2011) (quoting United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993)).

Contrary to appellant's arguments, there is no indication that the trial court exceeded its authority by revisiting any other issues.  The trial court followed this Court's mandate and determined the amount of appellate attorney's fees to be awarded to Brautigam.

*Attorney's fees and sanctions*

Youngson requested that this Court award her costs and fees incurred on appeal and issue sanctions against Brautigam.  Brautigam requested that this Court award him attorney's fees incurred on appeal and issue sanctions against Youngson.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Since Brautigam has prevailed in this appeal, we deny Youngson's request for costs and fees incurred on appeal.  Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

Having reviewed and considered the entire record in this case, we hold that Brautigam is entitled to a reasonable amount of attorney's fees, and we remand for the trial court to set a reasonable award of attorney's fees incurred by Brautigam in this appeal.

We deny both parties' requests for sanctions.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees, which also should include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.