COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Clements

UNPUBLISHED

BRICIA ROSLYN BRYANT

MEMORANDUM OPINION*
v.      Record No. 0017-19-4                 PER CURIAM
                                             JULY 30, 2019
STAYBRIGHT ELECTRIC AND
  OLD REPUBLIC INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Bricia Roslyn Bryant, on brief), *pro se*.

(Brian L. Sykes; W. Thomas Chappell; Vandeventer Black, LLC, on brief), for appellees.


Bricia Roslyn Bryant ("claimant") appeals a decision of the Workers' Compensation

Commission ("the Commission") on November 7, 2018, finding that "she did not prove her

entitlement to additional causally related disability, injuries, or need for medical treatment" other

than that awarded on May 15, 2017, for injuries to her left hand, left knee, and lower back.

Staybright Electric and Old Republic Insurance Company ("employer") assert that claimant's

appeal should be dismissed because her opening brief failed to comply with the Rules of Court.

However, "[i]n the event that this Court rules that [c]laimant raised legitimate error by the

Commission," employer asks that we consider its two cross-assignments of error. In those

cross-assignments, employer contends that the deputy commissioner and the Commission "erred

in failing to rule that [c]laimant's claims were barred by the doctrine of res judicata/claims

preclusion[,]" and "in failing to rule that [c]laimant was validly terminated for cause and

constructively refused selective employment." Because we summarily affirm the Commission's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

decision based on claimant's failure to comply with the Rules of Court, we need not reach employer's cross-assignments of error.

Background

On May 15, 2017, appellant was awarded medical benefits and two days of total disability benefits for a compensable injury to her left hand, left knee, and lower back arising out of a work-related accident on September 30, 2016. Following that award, claimant filed several additional claims for benefits, seeking additional medical treatment, reimbursement of treatment-related expenses, and a new panel of physicians. She also sought temporary total disability benefits beginning October 16, 2016, a determination that she experienced an occupational disease as a result of the September accident, and inclusion of her neck, left side, and left arm as compensable injuries. Following a hearing, the deputy commissioner denied claimant's claims for additional benefits,[1] adopting the testimony of Dr. Raley, the physician who performed an independent medical examination ("IME") of claimant. Dr. Raley testified that claimant suffered relatively minor injuries to her left hand, left knee, and back in September 2016 that should have resolved within a few weeks. He also opined that claimant experienced no further injuries as a result of her accident, that she required no further medical treatment, and that she was capable of returning to full-duty work. The deputy commissioner found that, based upon its observations of claimant during the hearing, as well as her secret recording of Dr. Raley's IME without his consent, she was not a credible witness. Accordingly, the deputy commissioner also discredited any opinions from claimant's treating physicians relating her additional injuries, symptoms, disability, and need for medical treatment to her September 2016

---

[1] The deputy commissioner ruled that claimant's May 15, 2017 award entitled her to reimbursement for out-of-pocket and mileage expenses associated with reasonable, necessary, and causally related medical treatment previously authorized by employer.

accident, reasoning that those opinions were based on "inaccurate histories supplied to them by the claimant."

Further, the deputy commissioner rejected employer's defenses that claimant's new claims were barred by the doctrines of *res judicata* or claim preclusion, or that claimant was terminated for cause on October 6, 2016, thereby precluding her from further benefits. Finally, the deputy commissioner ruled that claimant's termination did not result in a constructive refusal of selective employment. The deputy commissioner found that the testimony from claimant's supervisor, Ronnie Charpentier, regarding the circumstances surrounding her termination was "not at all" persuasive.

Both parties appealed to the full Commission. The Commission deferred to the deputy commissioner's credibility findings rejecting claimant's testimony in favor of Dr. Raley's testimony, and held that claimant had failed to prove that she was disabled or that the medical treatment she sought was causally related to her September 2016 accident. Based on that ruling, the Commission found it unnecessary to reach the employer's argument that her claims were barred by *res judicata* or claim preclusion. However, the Commission affirmed the deputy commissioner's decision that claimant was not terminated for cause, adopting the deputy commissioner's finding that Charpentier's testimony was not credible.

This appeal followed.

Analysis

Claimant's opening brief and appendix do not comply with the Rules of Court. The opening brief does not comply with Rule 5A:20(e), which mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Claimant includes a section in her brief titled "Standard of Review." However, it does not provide the standard of review.

Further, the opening brief does not include an argument section "relating to each assignment of error." The assignments of error are not numbered, but instead appear in "clusters" of topics beneath headings. Rather than include the standard of review and argument "relating to each assignment of error," the opening brief instead lists several subsections under the standard of review heading containing random arguments that are organized by entirely different topics than those listed in the assignments of error.

In addition, the opening brief does not contain "a clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the . . . appendix." Rule 5A:20(d). Despite the inclusion of approximately[2] twenty assignments of error in her brief, claimant's statement of facts is less than a page long and provides only three paragraphs of the procedural history of the case, including a purported excerpt from proceedings before "Workforce West Virginia." The statement of facts does not comply with the requirements of Rule 5A:20(d).

Finally, claimant did not comply with Rule 5A:25(d) by filing "a statement of the assignments of error and a designation of the contents to be included in the appendix within fifteen days after the filing of the record" with this Court. Although she filed an appendix after this Court issued a show cause order on February 25, 2019, her failure to file a statement of the assignments of error and a designation of appendix contents deprived employer of the ability to designate additional parts of the record that it considered germane to the appeal. See Rule 5A:25(d). Further, because the pages in the appendix are not consecutively numbered, neither party can cite to a specific page; instead, claimant cites only to "clusters" of pages when identifying where each of her assignments of error was preserved.

---

[2] The assignments of error are not numbered.

- 4 -

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived." Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)).  A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").  "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)).  "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).

We find that claimant's failure to comply with Rule 5A:20(d), 5A:20(e), and 5A:25(d) is significant, so we will not consider her arguments.  See Jay v. Commonwealth, 275 Va. 510, 520 (2008).  Accordingly, we summarily affirm the decision of the Commission.[3]  Rule 5A:27.

Affirmed.

---

[3] Employer asks that we review its cross-assignments of error only if claimant's opening brief raises "legitimate error" in the Commission's decision.  Because we affirm the Commission's decision, we find it unnecessary to address the cross-assignments of error.