UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Russell and Senior Judge Clements
Argued by teleconference


CARLENE WYNN

MEMORANDUM OPINION[*] BY
v.      Record No. 0640-19-2      JUDGE JEAN HARRISON CLEMENTS
DECEMBER 10, 2019

DEPARTMENT OF MILITARY AFFAIRS/
 COMMONWEALTH OF VIRGINIA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Carlene Wynn, *pro se*.

Adam L. Katz, Senior Assistant Attorney General (Mark R. Herring,
Attorney General; Samuel T. Towell, Deputy Attorney General;
Tara Lynn R. Zurawski, Section Chief, on brief), for appellee.


Carlene Wynn (claimant) appeals the Workers' Compensation Commission's denial of

her claim for benefits based on an injury by accident, occupational disease, or ordinary disease of

life resulting from exposure to mold at her workplace.  We do not reach the merits of her claim,

however, because we find that she failed to comply with the applicable Rules of Court.

BACKGROUND[1]

Claimant is employed with the Department of Military Affairs (employer), located at Fort

Pickett in Blackstone, Virginia.  She testified at a hearing before a deputy commissioner that

after she was relocated from the headquarters building to building 1695 in June 2016, she

experienced a runny nose, watery eyes, headaches, wheezing, and fatigue.  She had received

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We view the facts in the light most favorable to employer, the party who prevailed
below.  See Hess v. Virginia State Police, 68 Va. App. 190, 194 (2017).

medical treatment for sinus problems before moving to building 1695, and her primary care doctor told her on June 17, 2016, that her runny nose was "just sinus."

According to claimant, on July 16, 2018, she saw mold growing on the wrist and arm pads of her computer and also on one of her chairs. She said that she previously had seen raw sewage on the floor of the building and felt that the "environment just was unsafe." She reported the mold to her employer and was seen by her primary care doctor on July 30, 2018, and by a Workers' Compensation Commission panel physician on August 1, 2018. Claimant was referred to an allergist and was diagnosed with asthma and allergies to both indoor and outdoor mold. The allergist reported that it was "possible" the mold exposure at claimant's workplace contributed to her respiratory symptoms. The doctor also said that although claimant's symptoms were "exacerbated by exposure to mold," it was "difficult to definitely connect the molds [for which claimant had a positive skin reaction] with the exposure history."

Claimant was moved to another building in July 2018, but her duties required her to return to building 1695 several times a week. She said that she experienced breathing issues whenever she was in building 1695.

Employer asked an environmental scientist to inspect building 1695. The scientist made a visual inspection on August 8, 2018, and took numerous air samples and temperature and humidity readings. He did not observe any mold, and he determined the building's humidity was so low there was no likelihood mold would grow. He noted that the air samples showed a small amount of a common type of mold, but he did not consider the amount significant and said that it could have been transplanted from another location. As a preventive measure, the scientist suggested that an "air handling unit" be run inside the office to clean out the mold spores that had been found.

Claimant filed for medical benefits and permanent partial disability benefits on August 14, 2018. The deputy commissioner held a hearing on December 3, 2018, and denied her claim. On April 1, 2019, the Commission affirmed the deputy commissioner's decision, finding that claimant had failed to prove that she had suffered an injury by accident because she had experienced sinus symptoms for two years before she saw mold in her office on July 16, 2018. The Commission also found that the equivocal medical evidence did not establish that claimant had suffered a compensable ordinary disease of life or an occupational disease as a result of mold exposure because the evidence "did not sufficiently relate the claimant's conditions to her work environment," and the "mere aggravation" of her respiratory symptoms was not compensable.[2]

ANALYSIS

Claimant filed her opening brief in this Court on June 4, 2019, but she failed to file an appendix, as required by Rule 5A:25(a), which provides that an appellant "shall file" an appendix "in all cases no later than the time of filing [her] opening brief." The Court ordered claimant to show cause on or before July 13, 2019, regarding why the appeal should not be dismissed for failure to file an appendix. The Court also directed claimant to file an amended opening brief that complied with the requirements set forth in Rules 5A:4, 5A:19, 5A:20, and 5A:24. The Court later granted claimant an extension of time until September 15, 2019, to respond to the show cause order and file an amended brief and appendix. Claimant filed her amended brief and appendix on August 30, 2019. This Court made a preliminary ruling that the appeal could proceed but noted in its order issued on September 11, 2019, that the ruling did not bind the panel that ultimately considered the case.

---

[2] We note that a claimant always bears the burden of proof and must establish all facets of the claim. See Arthur Larson et al., Larson's Workers' Compensation Law § 130.06(3)(a) (2019). Further, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230 (1997)).

Even though appellant is acting *pro se*, she still "must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591 (1999); see Townes v. Commonwealth, 234 Va. 307, 319 (1987) (holding that issues the *pro se* defendant had not preserved at trial were barred on appeal, as a *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel" (quoting Church v. Commonwealth, 230 Va. 208, 213 (1985))); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that claimant's suit under the Federal Tort Claims Act was properly dismissed for failure to exhaust administrative remedies, as required under the Act, and stating that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

In addition to not timely filing the appendix, claimant also failed to comply with other requirements of Rule 5A:25. The appendix claimant submitted has 114 pages, but the pages are not numbered individually and sequentially. Rather, she grouped the items she included by category and numbered only each category. Claimant included only part of the transcript of the hearing before the deputy commissioner and included other items that were not considered by the Commission when it made its decision and are not properly part of the record on appeal.[3]

Claimant's amended opening brief cured some of the deficiencies in her initial opening brief, but the brief still contains significant violations of Rule 5A:20. The brief does not comply with Rule 5A:20(c), which requires that the assignments of error noted in the brief address the rulings of the Commission that claimant is challenging and cite to the record where the claims were preserved. Claimant lists sixteen items as "assignments of error," but rather than specifically identifying the alleged erroneous rulings of the Commission, claimant sets forth

---

[3] On October 31, 2019, this Court denied claimant's petition for a writ of certiorari to include those items in the record.

argumentative statements espousing her view that she should not have been denied benefits.[4]  As the appellant, claimant must "lay [her] finger on the error" so that opposing counsel and the Court know the grounds on which she "intends to ask a reversal of the judgment, and to limit discussion to these points."  Carroll v. Commonwealth, 280 Va. 641, 649 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290 (1995)).

Liberally construed, five of claimant's "assignments of error" arguably address rulings of the Commission.  In assignments three and thirteen, claimant contends that the Commission erroneously referred to her condition as "allergic rhinitis" rather than "asthma."  In assignments nine and fourteen, she asserts that the Commission failed to address her claim that employer gave her misleading information about the payment of her medical expenses.  In assignment sixteen, she states that the Commission's April 1, 2019 opinion adopted the deputy commissioner's decision without considering the documents that she submitted in seeking review by the full Commission.

However, claimant provides no governing standard of review for the assignments of error and the "argument" section of her brief contains no principles of law or authorities relevant to workers' compensation.  Rather, she discusses landlord-tenant law, property damage, and personal injury based on mold in military housing.  She concludes by asserting a lack of due process and a violation of statutes and administrative regulations.[5]  Thus, the brief does not comply with Rule 5A:20(e).

"Unsupported assertions of error do not merit appellate consideration."  Fadness v. Fadness, 52 Va. App. 833, 850 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734

---

[4] Further, two of the claims rely on materials that were not before the Commission when it decided the case and are not part of the record.

[5] Claimant did not make the same arguments before the Commission and cannot raise them for the first time on appeal.  See Rule 5A:18.

(2008)).  It is incumbent upon a claimant who asserts that the Commission erred "to present that error to us with legal authority to support [her] contention." Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 708 (2012) (quoting Fadness, 52 Va. App. at 851).  "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)).

Rules of Court are not mere "suggestions," and all litigants are expected to follow them. Bartley v. Commonwealth, 67 Va. App. 740, 746 (2017).  We find that claimant's failure to adhere to the applicable Rules of Court is significant, and thus we hold that she has waived her claims on appeal.  See, e.g., Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010).  See also Rule 5A:1A (stating that an appeal may be dismissed for failure to comply with the Rules of Court).

CONCLUSION

Because we find that the claims raised on appeal are waived, we affirm the ruling of the Commission.[6]

Affirmed.

---

[6] We also deny claimant's request to strike employer's brief.