COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Senior Judge Frank

SANDS COOPER

MEMORANDUM OPINION*

v.     Record No. 0597-20-4                        PER CURIAM
                                                    DECEMBER 15, 2020

ADVANCED INTERNET AUTOMATION, LLC AND
  TRUMBULL INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Sands Cooper, on brief), *pro se*.

(Tenley Carroll Seli; Lynch Seli, P.C., on brief), for appellees.

Sands Cooper (hereinafter "claimant") appeals a decision of the Workers' Compensation

Commission ("the Commission") finding that his injuries from an automobile accident were not

compensable because they did not arise out of and in the course of his employment. We have

reviewed the record and the Commission's opinion and find that this appeal is without merit.

Jurisdiction

III., IV., VI., and VII. In claimant's amended opening brief,[1] the third, fourth, sixth,[2] and

seventh assignment of error challenge only the deputy commissioner's rulings. Our appellate

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Claimant filed his original opening brief and appendix on August 14, 2020. He filed an amended opening brief and appendix on August 28, 2020.

[2] Although the sixth assignment of error avers that the "Commission . . . erred in upholding the [d]eputy [c]ommissioner's opinion" that the vehicle driven by the claimant was not allowable for his employment, claimant offers no argument with respect to the Commission's decision. Instead, his argument supporting the sixth assignment of error challenges only the deputy commissioner's decision. Accordingly, to the extent that the sixth assignment of error challenges the Commission's decision, we conclude that claimant abandoned it by failing to offer supporting argument. See Rule 5A:20(e).

jurisdiction does not extend to decisions made by deputy commissioners; rather, we are limited to reviewing "final decision[s] of the Virginia Workers' Compensation Commission[.]" Code § 17.1-405(2). Accordingly, with respect to the third, fourth, and seventh assignments of error, there is no ruling that lies within our jurisdiction to review.

## Rules 5A:18, 5A:20, and 5A:25

I., II., and V. With respect to the first, second, and fifth assignments of error, claimant's opening brief does not comply with the Rules of Court.

The opening brief does not comply with Rule 5A:20(c). Rule 5A:20(c) states that an opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." The first, second, and fifth assignments of error do not refer to the record or appendix to show where claimant's arguments were preserved.

In the first assignment of error, claimant asserts that "[t]he [f]ull Commission . . . erred in [up]holding the [d]eputy [c]ommissioner's determination regarding [his] credibility," but he does not state where in the record he preserved this argument. Instead, he cites only to the deputy commissioner's decision. In the second assignment of error, claimant maintains that the Commission "erred in denying evidence that would have corrected the record" after the deputy commissioner erred by admitting "a false document" from "the defense team." Although claimant identifies the "false document" in the record, he does not identify where in the record he preserved his argument that the Commission erred by excluding certain evidence. In the fifth assignment of error, claimant contends that the "Commission erred in its decision to exclude the claimant's workers' compensation policy binder which has been the only proof that an actual policy exists." Claimant cites to a transcript of the hearing before the deputy commissioner and the deputy commissioner's opinion as the places in the record where he preserved this argument.

He also asserts that "*her* ruling . . . excludes the contents of the policy which could have resolved the issue of the claimant's work activities covered by the policy, pursuant to Commission Rule 1.12." (Emphasis added). However, claimant does not cite where in the record he preserved his argument before the Commission.

Thus, the assignments of error addressing the Commission's rulings fail to state where in the record the issues were preserved for appeal, as required by Rule 5A:20(c). The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." Carroll v. Commonwealth, 280 Va. 641, 649 (2010) (quoting Yeatts v. Murray, 249 Va. 285, 290 (1995)). An appellant must "lay his finger on the error." Id. Claimant has failed to do so.

Further, the opening brief does not comply with Rule 5A:20(e), which mandates that the opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Claimant includes a section in his brief titled "Standard of Review." However, it does not provide any principles of law or authorities that relate to the appropriate standard of review for each of these assignments of error.[3] "[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived." Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)). See also Francis v. Francis, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court.").

---

[3] Claimant includes legal authorities in the section entitled "Standard of Review," but they are not offered to support the asserted standards of review. Instead, he cites legal authorities addressing when an accident arises out of employment and the "actual risk" test.

The opening brief also fails to comply with Rule 5A:25. Although claimant included an appendix with his amended opening brief, it is not complete or timely filed.[4] "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Patterson v. City of Richmond, 39 Va. App. 706, 717 (2003) (quoting Thrasher v. Burlage, 219 Va. 1007, 1009-10 (1979) (*per curiam*)). "Thus, the filing of an appendix that complies with the Rules, is 'essential to an informed collegiate decision.'" Id. (quoting Thrasher, 219 Va. at 1010).

Rule 5A:25(c) states that an appendix shall include the following:

(1) The basic initial pleading (as finally amended);

(2) The judgment appealed from, and any memorandum or opinion relating thereto;

(3) Any testimony and other incidents of the case germane to the assignments of error;

(4) The title (but not the caption) of each paper contained in the appendix, and its filing date;

(5) The names of witnesses printed at the beginning of excerpts from their testimony and at the top of each page thereof; and

(6) Exhibits necessary for an understanding of the case that can reasonably be reproduced.

---

[4] After claimant did not timely file a designation of the contents of the record to be included in the appendix, employer moved to dismiss the appeal on June 5, 2020. On June 11, 2020, we denied employer's motion and granted claimant an extension of time to June 26, 2020 to file his designation of the contents of the appendix. Claimant filed his designation on June 26, 2020, followed by employer's designation. Employer also moved to strike certain items from claimant's designation that were not part of the Commission's record, and on July 30, 2020, we granted employer's motion and directed claimant to file the opening brief and appendix by August 14, 2020. On August 14, 2020, claimant filed his opening brief, but he did not file an appendix, prompting the issuance of a show cause order on August 20, 2020. The order ruled that the appendix had not been timely filed and directed claimant to show cause by September 4, 2020, why the appeal should not be dismissed. It also directed claimant to file an amended opening brief in compliance with Rule 5A:20 by September 4, 2020. Claimant filed an amended opening brief and appendix on August 28, 2020.

Here, the appendix does not include claimant's request for review or the parties' written statements to the Commission, thereby preventing us from determining what issues were preserved for appeal.[5] The insurance policy that claimant maintains in his fifth assignment of error was wrongfully excluded by the Commission is not part of the appendix.[6] Finally, the appendix omits the documents designated by employer. Without a complete appendix, we are unable to engage in a meaningful review of claimant's assignments of error.

"[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012) (quoting

---

[5] In the first assignment of error, claimant contends that the Commission erred by affirming the deputy commissioner's determination that his testimony was not credible. In support of this argument, he asserts that he was not competent to testify based on "challenges with memory loss due to a concussion, long-term medication, multiple surgeries, and substance abuse treatment." Claimant asserts further that "no one that was present during the January 23, 2019 hearing[] had the capacity to [assess his competence]." We note that the excerpt from the hearing in the appendix indicates that claimant and his counsel were questioned by the deputy commissioner regarding his competency, and they both agreed that he was competent to testify. Although the Commission upheld the deputy commissioner's finding that claimant's testimony was not credible, it did not address the issue of his competency. Accordingly, we conclude that he has waived this argument. Rule 5A:18.

[6] As claimant concedes that the policy is not part of the record, we presume that he did not proffer it. "It is appellant's burden to provide this Court with a record from which it can decide the issues in the case." Clarke v. Commonwealth, 60 Va. App. 190, 199 (2012). An appropriate proffer creates a record of "what the evidence would have been." Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135 (1999). It is not sufficient that a party proffer "merely his theory of the case" rather than the substance of the excluded evidence. Tynes v. Commonwealth, 49 Va. App. 17, 21 (2006). A proffer allows an appellate court to determine whether the exclusion of evidence prejudiced a party. Graham v. Cook, 278 Va. 233, 249 (2009). In this regard, the proffer provides a complete record for review. Wyche v. Commonwealth, 218 Va. 839, 843 (1978). "Absent a proffer showing 'harm was done,' we are 'forbidden to consider the question.'" Ray v. Commonwealth, 55 Va. App. 647, 650 (2010) (quoting Scott v. Commonwealth, 191 Va. 73, 78-79 (1950)).

- 5 -

Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591 (1999).

We find that claimant's failure to comply with Rules 5A:18, 5A:20, and 5A:25 is significant, so we will not consider his arguments. See Fadness v. Fadness, 52 Va. App. 833, 851 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664 (2008). Claimant was provided with an opportunity to cure the defects in his opening brief and failed to do so. Further, to the extent that claimant argues generally that the Commission erred by finding his testimony was not credible, we affirm the Commission for the reasons stated in in its final opinion.[7]

Accordingly, we summarily affirm the Commission's decision. See Cooper v. Advanced Internet Automation, LLC, et al., JCN No. VA00001218501 (Va. Wrks. Comp. Comm. Mar. 23, 2020). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[7] Because we summarily affirm the Commission's decision, we need not address employer's motions to dismiss.