COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and AtLee

ANASTAZIA HURYAN

v.      Record No. 0231-22-4

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 4, 2022

HARVEY J. VOLZER, ESQUIRE,
 BENJAMIN J. TRICHILO, ESQUIRE, AND
 SUSAN POLLACK, ESQUIRE

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David A. Oblon, Judge

(Anastazia Huryan, on briefs), *pro se*.

(Harvey J. Volzer; Benjamin J. Trichilo; Shaughnessy & Volzer,
P.C.; McCandlish Lillard P.C., on brief), for appellees Harvey J.
Volzer, Esquire, and Benjamin J. Trichilo, Esquire.

No brief or argument for appellee Susan Pollack, Esquire.

Anastazia Huryan (Anastazia), *pro se*, appeals the circuit court's order in this interpleader action regarding the distribution of settlement proceeds the circuit court previously awarded to Sadie Huryan (Sadie) in connection with a personal injury action. In this interpleader action, the circuit court determined the portion of the settlement proceedings due to Benjamin Trichilo and Harvey Volzer, the attorneys representing Anastazia, mother and former next friend of Sadie, in the personal injury case. The circuit court also determined the portion of the settlement due to Sadie, Anastazia, and Susan Pollack, the guardian *ad litem* for Sadie.[1] The circuit court denied Anastazia's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The circuit court appointed Sadie a guardian *ad litem* to represent her interests in this action because Sadie was an incapacitated person. On December 26, 2012, Sadie was a minor when she sustained the injuries that were the subject of the personal injury action. Sadie turned eighteen years old before the filing of the personal injury claims.

motion for sanctions. Anastazia timely appealed. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the circuit court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Trichilo and Volzer represented Anastazia, mother and former next friend of Sadie, in a personal injury case, resulting in a settlement award. Following the settlement, Anastazia and Sadie were "unable to agree to the disbursement of net settlement proceeds." Anastazia claimed that "she [was] due for reimbursement of medical expenses that she incurred on behalf of her daughter prior to attaining the age of 18, as a result of her December 26, 2012 injury." The settlement funds, less attorney fees and costs, were placed in a trust account managed by Volzer.

On April 1, 2021, Trichilo and Volzer filed this interpleader action, alleging they were "exposed to multiple liability through the claims of [Anastazia and Sadie]" and requested the circuit court enter an order requiring the net settlement proceeds be paid to the clerk of court.[2] Trichilo and Volzer filed a motion to amend the petition for interpleader and asked for an order authorizing the payment of the net settlement proceeds, after the deduction of authorized costs. Trichilo and Volzer also requested the circuit court enter an order "for payment of the settlement proceeds, that each of them be discharged from any and all liability from or between [Anastazia and Sadie] for the settlement proceeds."

_____

[2] Trichilo and Volzer initially asked for authorization for payment of funds to a "Special Receiver and/or Special Commissioner." Trichilo and Volzer amended the interpleader action to ask payment be made to the clerk of court because the position of "special receiver . . . no longer exist[ed]." It does not appear the circuit court ruled on the motion to amend, but it considered it during the hearing.

On October 4, 2021, Anastazia filed a letter with the circuit court, alleging that Trichilo and Volzer had "lied," "demonstrated a conflict of interest putting [her] at financial risk," "misrepresented where the settlement proceeds are located," and obtained a personal financial gain. Anastazia sought "restorative restitution." The circuit court construed this letter as a motion for sanctions.

The parties convened for a hearing on November 9, 2021. Before the hearing, the guardian *ad litem* filed a report recommending that the circuit court award Anastazia $250,000, the amount Sadie offered and Anastazia rejected during their settlement discussions. During the hearing, the circuit court considered both Trichilo and Volzer's amended petition for interpleader and Anastazia's motion for sanctions. Because both Trichilo and Anastazia presented substantive evidence, the circuit court dispensed with the opening statements to avoid repetition.

After considering the evidence and arguments, the circuit court awarded Anastazia $250,000, found that Trichilo and Volzer and the guardian *ad litem* were entitled to their fees, and awarded the balance of the settlement to Sadie. Regarding Anastazia's motion for sanctions, the circuit court found that Anastazia "really wants this to be a general grievance . . . where she alleges a number of grievances including breach of contract, defamation, malpractice and a breach of legal ethics." The circuit court further found that the motion was "multifarious to the core issues" of the impleader, "which [was] the division of assets between" Sadie and Anastazia. The circuit court denied Anastazia's motion for sanctions. The circuit court noted Anastazia's general objection to its order.

The circuit court entered its written order on January 4, 2022, memorializing its findings from the hearing. Relevant to this appeal, the circuit court found that Anastazia "offered almost no proof" that she economically suffered as a result of her daughter's medical expenses, and awarded her $242,933.81 from the settlement, which represented her award of $250,000, less her share of the

guardian *ad litem* fees.[3]  The circuit court denied Anastazia's motion for sanctions as "outside the scope of an interpleader action."  Anastazia timely noted her appeal.

ANALYSIS

On appeal, Anastazia claims that the circuit court violated her constitutional rights by denying her the "right to an unbiased trial," "the promise of legality and fair procedure," and "the right to present evidence, including the right to call witnesses and deliver an opening statement." Anastazia also contends that the circuit court failed to base its decision "exclusively on the evidence" and failed to "prepare written findings of fact and reasons for its decision."  Anastazia further asserts that the circuit court failed to protect her rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, by "denying civil rights protections to individuals with disabilities in the area of state and local government services."  Finally, Anastazia claims that the circuit court erred in failing to assert jurisdiction over her claims in her motion for sanctions, in which she essentially accused Trichilo and Volzer of violating a number of criminal statutes.

As the appellant in this matter, Anastazia has the burden of showing that reversible error was committed in the matter in which she appealed.  *See Alwan v. Alwan*, 70 Va. App. 599, 612 (2019).  On appeal, "we presume the judgment of the trial court to be correct and . . . sustain its finding unless it is plainly wrong or without evidence to support it."  *West v. West*, 53 Va. App. 125, 132 (2008) (quoting *M. Morgan Cherry & Assocs. v. Cherry*, 38 Va. App. 693, 702 (2002) (*en banc*)).

We find that Anastazia failed to comply with Rule 5A:18 because all the arguments in her opening brief are being raised for the first time on appeal.  "Ordinarily, '[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'"

---

[3] The circuit court determined that Anastazia and Sadie would share the guardian *ad litem*'s fees equally.

- 4 -

*Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)).

Anastazia did not object to the circuit court's rulings at any point during the hearing. At the conclusion of the hearing, the circuit court asked Anastazia whether she would like to object to its ruling, to which she responded in the affirmative. Anastazia did not specify the basis of her objection, other than to agree with the circuit court's statement that "I take it you disagree with the order." "Specificity and timeliness undergird the contemporaneous-objection rule . . . [']so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review." Rule 5A:18. Accordingly, we will not consider Anastazia's assignments of error, as she failed to timely note any objections in accordance with Rule 5A:18. Anastazia has "not asked that we apply the 'good cause' or 'ends of justice' exceptions to Rule 5A:18, and we decline to do so *sua sponte*." *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 303 (2020).

Moreover, Anastazia's opening brief does not comply with Rule 5A:20. Rule 5A:20(c) states that an opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each

assignment of error was preserved in the trial court." Although Anastazia adds citations to the record in her "Assignments of Error," these citations do not point to places in the record where her assignments of error were preserved. Rather, her citations are to different parts of the trial transcript, none of which contain any relation to her assignments of error. The purpose of assignments of error is to "point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." *Carroll v. Commonwealth*, 280 Va. 641, 649 (2010) (alteration in original) (quoting *Yeatts v. Murray*, 249 Va. 285, 290 (1995)). An appellant must "lay his [or her] finger on the error." *Id.* Anastazia failed to do so.

Anastazia also failed to comply with Rule 5A:20(d), which requires an opening brief to contain a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." Although Anastazia's opening brief contains a section entitled "Facts and Proceedings," the section does not recite "the facts that relate to the assignments of error" or provide references to the record.

"[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" *Alwan*, 70 Va. App. at 612 (alteration in original) (quoting *West v. West*, 59 Va. App. 225, 235 (2011)). "Nor is it this Court's 'function to comb through the record . . . to ferret-out for ourselves the validity of [appellant's] claims.'" *Id.* (alterations in original) (quoting *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012)). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

Despite being afforded an opportunity to correct the deficiencies, Anastazia's brief does not comply with the rules. We find that her failure to comply with Rule 5A:20 is significant, so we will not consider her arguments. *See Fadness v. Fadness*, 52 Va. App. 833, 851 (2008) ("If

the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention.").

CONCLUSION

Anastazia failed to comply with Rules 5A:18 and 5A:20. Accordingly, we affirm the circuit court's judgment.

<em>Affirmed.</em>